**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

HINCALIGHT CORPORATION, Case No.:

plaintiff,

- VS -

NATURAL PRODUCTS INTERNATIONAL LLC, and
JEAN PIERRE FUENTE,

defendants.
_________________________________/

**COMPLAINT**

Plaintiff, Hincalight Corporation (the "Plaintiff" or "Hincalight"), by and through its undersigned counsel, for its complaint against Defendants Natural Products International, LLC ("Natural Products") and Jean Pierre Fuente ("Fuente") (sometimes collectively referred to as the "Defendants"), respectfully state as follows:

## I. JURISDICTION AND VENUE

1. This is an action in law and equity for trademark infringement, trade dress infringement, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125, et. seq., and for trademark infringement and unfair competition under the laws of the State of Florida.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b). Further, this Court has supplemental jurisdiction over the Plaintiff's Florida state law claims pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendants because both Defendants have systematic and continuous business contacts with the State of Florida, because the corporate defendant's principle place of business is in the State of Florida, and because the individual defendant resides in the State of Florida.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because (i) Natural Products' principal place of business is in Miami-Dade County, Florida and because Fuente resides in this judicial district; (ii) both Defendants are subject to personal jurisdiction in this judicial district; and (iii) a substantial part of the events or omissions giving rise to this claim have occurred in this judicial district.

## II. THE PARTIES

5. Plaintiff, Hincalight is a Florida Corporation, having an address and principal place of business at 2380 South Dixie Highway, Miami, FL 33133.

6. Defendant, Natural Products is a Florida Limited Liability Corporation having its principal place of business at 10480 NW 37th Terrace, Doral, FL 33178.

7. Defendant, Fuente resides in Miami-Dade County, Florida, is an individual over the age of 18, and otherwise *sui juris*.

## III. INTRODUCTION

8. As set forth in detail below, Plaintiff is the manufacturer and distributor of popular PIÑATERAPIA (pineapple-tea) weight loss products, which is the subject of a valid trademark. Defendants have introduced a weight loss tea bearing the exact same name as the tea distributed by Plaintiff, and have packaged it in a trade dress that is confusingly similar to Plaintiff's PIÑATERAPIA weight loss tea.

9. Fuente is working along with Natural Products, and conspiring with them, in promoting, marketing, offering for sale and selling these PIÑATERAPIA weight loss products in an effort to mislead and confuse prospective purchasers and to falsely designate the source of origin of the Plaintiff's products.

10. Defendants' actions are part of a willful and deliberate attempt to divert sales away from Plaintiff, the market leaders in pineapple-tea weight loss products. These actions will continue unless enjoined by this Court. Plaintiff seeks to halt Defendants' infringement of Plaintiff's federally protected rights and seeks a permanent injunction, damages, costs, and attorneys' fees as authorized by the Lanham Act and Florida common law.

## IV. STATEMENT OF FACTS

11. Gloria Hincapie (co-owner of Hincalight Corporation, hereinafter "Hincalight"), created a revolutionary slimming technique by combining proprietary massage therapy sessions with a dietary tea-supplement made out of pineapple-tea she called PIÑATERAPIA.

12. As discussed below, for over 15 years, Gloria has used the name of PIÑATERAPIA in conjunction with her "pineapple-tea," a recipe that came down from her grandmother, to her mother, and then to Gloria in her native country of Colombia.

13. In 2001, Gloria Hincapie moved to Miami, FL, and opened Gloria Hincapie Esthetic Center & Spa owned by Hincalight. She would soon be recognized as "the sculptor of the stars" for its celebrity clientele, and in 2004 she was awarded the Colombian Excellence Award. She was also invited to participate as a juror in beauty contests such as Nuestra Belleza Hispana and Ms. Venezuela. Her experience and fame

with Latina celebrities have made Gloria Hincapie a prominent TV talk-show guest in Univision, Telemundo, MegaTV, TeleMiami, and other Spanish media outlets. Her PIÑATERAPIA products have been renowned by over 20 celebrities and several magazines have published articles about this miracle tea.

14. The Plaintiff has used the trademark PIÑATERAPIA for nearly one decade as evidenced by an article in the December 2005 magazine, PEOPLE EN ESPANOL, a magazine widely distributed throughout the United States and internationally. A copy of the article is incorporated hereto by reference and is attached as **Exhibit A**. Plaintiff made its first use of the term PIÑATERAPIA as a common- law mark and exploited it in commerce in the United States since 2005, and currently continues to exploit the referenced mark in commerce. Unfortunately, Plaintiff's marketing efforts have been derailed by the wrongful conduct of the Defendants as discussed herein.

**<u>Hincalight's Federally Protected Rights</u>**

15. Plaintiff's initial successful results have led to development of a full line of beauty products based solely on the pineapple. Apart of its famous and acclaimed natural pineapple-tea reducer PIÑATERAPIA, other products such as HINCALIGHT, and HINCADROPS have also been produced and marketed, all of them bearing the distinctive PIÑATERAPIA GLORIA HINCAPIE trademark shown immediately below.



Attached hereto as **Exhibit B** is the trademark certificate number 4,608,423 issued by the USPTO on September 23, 2014 for PIÑATERAPIA GLORIA HINCAPIE.

16. Plaintiff has sold and marketed a pineapple-tea bearing the name PIÑATERAPIA in International Class 005 for: "Homeopathic tea used for weight loss treatment and weight management; medicinal fruit teas for weight loss purposes; Alternative medicinal tea for the treatment of weight loss; Alternative medicinal fruit extract for use in weight management; medicinal Organic Pineapple tea extract for weight loss; and medicinal Pineapple tea extract for use in weight loss treatment and weight management." Attached hereto as **Exhibit C** is the trademark certificated number 4,884,865 issued by the USPTO on January 12, 2016 for PIÑATERAPIA, which is incorporated by reference.

17. The PIÑATERAPIA tea-box bears a distinctive **yellow color trade dress**, which consists of the overall appearance of a **sliced pineapple artwork, the bottom part of the box bearing a brighter yellow color than the top** and the PIÑATERAPIA name prominently reflected **on the front, top, and back side** of the pineapple tea's box. Attached hereto as **Exhibit D** is a photograph of a of Plaintiff's PIÑATERAPIA pineapple-tea box (as shown on the top of the following page). Plaintiff's PIÑATERAPIA trademark and/or the distinctive trade dress displayed on the Plaintiff's box are inherently distinctive to the public, and serve primarily as a designator of origin of pineapple-tea emanating from, sponsored, or licensed by Hincalight Corporation.




18. Plaintiff's marks constitute the lawful, valued, subsisting, and exclusive property of Hincalight Corporation, and as a result of the high quality of Hincalight's products, services, sales, promotion, and advertising, the marks have become an intrinsic and essential part of the valuable goodwill and property of Hincalight, and are well known and established to customers and the trade as symbols identifying and distinguishing Hincalight's products and services, and signifying distinctive products of exceptional quality. Copies of the certificates of registration issued by the United States Patent and Trademark Office duly issued to Hincalight are attached as **Composite Exhibit E** (hereinafter referred to as "Marks").

19. Plaintiff has invested substantial sums in TV and print advertisement to promote the sale of the PIÑATERAPIA and the GLORIA HINCAPIE brand. Attached hereto as **Exhibit F** is a screenshot of a sample TV advertising commercial for the PIÑATERAPIA pineapple-tea.

20. As a result of the widespread use, promotional expense, and display of the PIÑATERAPIA trademark and distinctive yellow box trade dress, (a) the public and the trade use PIÑATERAPIA to identify and refer to Gloria Hincapie's pineapple-tea, (b) the public and the trade recognize that PIÑATERAPIA refers to a high quality pineapple-tea

emanating from Gloria Hincapie's Hincalight Corporation, and (c) said trademark and trade dress have built up secondary meaning and extensive goodwill.

**Defendants' Misconduct**

21. On or about July 22, 2012, Defendant Jean Pierre Fuente entered into a limited distribution agreement with Plaintiff to distribute the PIÑATERAPIA product line in the United States through his company AMG Solutions Corp. The distribution agreement was terminated on or about March 15, 2013, and despite cease and desist letters, Defendant continued to distribute Plaintiff's product without authorization.

22. On June 26, 2013, only a few months after the termination of the distribution agreement, in a blatant effort to steal the Plaintiff's mark, Defendant filed a trademark application for the name PIÑATERAPIA, with serial number 85970498 with the USPTO shown hereto in **Exhibit G**. The Plaintiff opposed to the hostile filing in Opposition Number 91214476. The Board of Trademark Appeals granted Plaintiff's Motion for Default, and the attempted coup was terminated. After the Opposition was terminated, the Defendants ignored that they were using the PIÑATERAPIA name without authorization making their infringement intentional and willful.

23. Upon information and belief, since on or about April 2013, Defendants commenced the production, distribution, and known infringement of a pineapple-tea bearing Plaintiff's mark PIÑATERAPIA, that was not of the same quality as Plaintiff's product, and that did not achieve the same results. Attached hereto as **Exhibit H,** is a picture of a box of Defendant's pineapple-tea as sold online and on TV. As shown on the top of the following page, the infringed PIÑATERAPIA trademark is displayed on one side of the box and is spelled in a manner that is identical to Plaintiff's.




24. As shown immediately below, Plaintiff's pineapple-tea and Defendant's pineapple-tea are sold **in the same channels of trade, bear a similar price, and retailers typically display the Defendant's pineapple-tea** in the same or confusingly similar manner as Defendant both on an online store and on physical stores. Attached hereto in **Composite Exhibit I** are blatant infringing sales promotions of Defendant's pineapple-tea bearing Plaintiff's trademark both on an online store and physical stores.




At a store




Online promotions

25. The Defendants have produced and displayed several TV ads for their pineapple-tea, a screenshot of which is depicted below and attached hereto as **Exhibit J**,

showing the Plaintiff's trademark. If compared side by side, **Exhibit J** and **Exhibit F** (Defendants' commercial), the TV commercials are virtually identical.




26. Defendant's actions as alleged in connection with the sale and exploitation of pineapple-tea is intended to, and is likely to cause confusion, mistake or deception as to the source of origin of Plaintiff's PIÑATERAPIA pineapple-tea in that the public, the trade and others are likely to believe that Defendants' pineapple-tea is the same as Plaintiff's PIÑATERAPIA pineapple-tea or is authorized, sponsored, approved by Plaintiff, or are otherwise affiliated or connected with Plaintiff and/or their valuable trademark and trade dress. As shown on the top of the following page, is a side by side comparison of both Plaintiff's and Defendants' pineapple tea boxes showing how Plaintiff has imitated every aspect of it, including colors, lettering, wording, and the look and feel of the Plaintiff's box in order to confuse the consuming public.




*Plaintiff's pineapple-tea* *Defendants' pineapple-tea*

27. Defendants' actions as alleged have caused, and will continue to cause irreparable harm to Plaintiff and their valuable trademarks and trade dress, and to the business and substantial goodwill represented thereby, and said acts and damage will continue unless restrained by this Court.

**<u>COUNT I</u>**

**Federal Trademark Infringement - Willful**

**(Section 32(1) of the Lanham Act, 15 U.S.C. SECTION 1114(1))**

28. Plaintiff re-alleges and incorporates by reference the allegation of paragraphs 1 through 27 of this Complaint as if more fully set forth herein.

29. The registration of the PIÑATERAPIA mark is valid and subsisting, and is *prima facie* evidence of the validity of the PIÑATERAPIA mark, of Hincalight's ownership of the PIÑATERAPIA mark, and of Hincalight's exclusive right to use the PIÑATERAPIA mark. By virtue of this registration, the PIÑATERAPIA mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

30. Defendant's use of an identical mark as Plaintiff's mark is likely to cause confusion, mistake, or deception as to the source or origin of Natural Product's services in that the trade and the consuming public are likely to believe that Natural Products'

weight loss tea is provided, sponsored, approved, or licensed by Hincapie Corporation, or that Natural Products is affiliated, associated or otherwise legitimately connected with Plaintiff.

31. Natural Product's s adoption and use of the confusingly identical mark was intentional and was for the purpose of misleading the trade and the consuming public. These willful actions are in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

32. As a result of Natural Product's infringement, as described above, the trade and the consuming public are likely to be confused and deceived as to the source, sponsorship, affiliation or approval of Plaintiff's services marketed under its protected Marks.

33. Hincalight has been damaged by the aforementioned acts in an amount to be determined at trial. Defendant's adoption and use of the confusingly identical mark PIÑATERAPIA was undertaken by Defendants intentionally, maliciously, and in bad faith. Therefore, Hincalight is entitled to recover from Defendants treble damages and attorneys' fees.

34. In addition, Defendants' conduct, if it continues, will result in irreparable harm to Hincalight and, specifically, to the goodwill associated with the Marks, unless such conduct is enjoined.

**COUNT II**

**Trade Dress Infringement**

33. Plaintiff re-alleges and incorporates by reference the allegation of paragraphs 1 through 27 of this Complaint as if more fully set forth herein.

34. Defendants' unauthorized use of a trade dress on the boxes of its pineapple-tea products that is confusingly similar to the trade dress used by Plaintiff on the boxes of their pineapple-tea constitutes trade dress infringement in violation of

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

35. Upon information and belief, by such wrongful acts, Defendants has and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales, and lost profits.

**COUNT III**

**False Designation of Origin**

**(Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a))**

36. Plaintiff re-alleges and incorporates by reference the allegation of paragraphs 1 through 27 of this Complaint as if more fully set forth herein.

37. Defendants' conduct as described herein constitutes use of a false designation of origin and/or a false or misleading description or representation of fact on or in connection with its services which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Hincalight, and/or as to the origin, sponsorship or approval of Defendants' products and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' conduct as described herein also constitutes an attempt to trade on the goodwill that Hincalight has developed in the Marks, all to the damage of Hincalight.

38. Defendant's use in commerce of a designation which is confusingly similar to the Marks, despite its having actual and constructive notice of Hincalight's prior rights in and to the Marks, constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about its services and commercial activities.

39. Defendants have caused and, unless restrained and enjoined by this Court,

will continue to cause irreparable harm, damage and injury to Hincalight.

**COUNT IV:**
**Trademark Infringement and Unfair Competition**
**(Fla. Stat. section 495.131 and Common Law)**

36. Plaintiff re-alleges and incorporates by reference the allegation of paragraphs 1 through 27 of this Complaint as if more fully set forth herein.

37. Defendants' acts as discussed herein constitute unlawful infringement and unfair competition under Fla. Stat. § 495.131 as well as Florida common law. As a result of Defendants' unlawful infringement and unfair competition Plaintiff has suffered and will continue to suffer irreparable injury and damage in an amount to be determined at trial.

38. Upon information and belief, Defendants' wrongful acts resulted in substantial unjust profits and unjust enrichment to Defendants in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that it be granted the following relief:

A. Granting a preliminary and permanent injunction restraining Defendants, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from:

(i) imitating, copying, duplicating or otherwise making any use of the Marks or any mark confusingly similar to the Marks, including, without limitation, the PIÑATERAPIA mark;

(ii) advertising, marketing, promoting, distributing, offering for sale, or selling any product or service in connection with any copy or colorable

imitation of the Marks;

(iii) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product or service advertised, promoted, offered or sold by Defendants is sponsored, endorsed, connected with, approved or authorized by Hincalight;

(iv) causing likelihood of confusion or injury to Hincalight's business reputation and to the distinctiveness of the Marks by unauthorized use of the same, or any colorable imitation thereof;

(v) operating any website associated with, using, linking to, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Name or any other domain name or trademark or service mark that incorporates, in whole or in part, the Marks;

(vi) permitting access in the United States to any website operated by or on behalf of Natural Products which displays or utilizes the PIÑATERAPIA mark, or the Marks;

(vii) engaging in any other activity constituting unfair competition or infringement of the Marks or Plaintiff's rights in, or to use, or to exploit the same; or

(viii) assisting, aiding or abetting another person or business entity in engaging in or performing any of the activities enumerated in subparagraphs (i) through (vii) above.

B. A finding that the acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1);

C. A finding that the acts of Natural Products constitute false designation of origin in violation of 15 U.S.C. § l 125(a);

D. A finding that the acts of Defendants constitute trademark infringement in violation of the common law of the State of Florida;

E. A finding that the acts of Defendants constitute unfair competition in violation of the common law of the State of Florida;

F. A finding that Defendants' violations of Hincalight's trademark rights, under 15 U.S.C. §§ 1114 and 1125(a) and (d), are willful as a result of the actions complained of herein, and that this is an exceptional case pursuant to 15 U.S.C. § 1117(a);

G. An award to Hincalight of monetary damages in an amount to be fixed by the Court in its discretion as just, including all of Defendants' profits or gains of any kind resulting from the actions complained of herein, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117(a) and (b), and the common law of the State of Florida;

H. An award to Hincalight of its attorneys' fees and its costs and expenses of litigation, pursuant to 15 U.S.C. § 11 17(a) and (b);

I. An award to Hincalight of statutory exemplary damages pursuant to 15 U.S.C. § 1 1 l7(d), in an amount to be determine by the court for Defendant's willful violation of 15 U.S.C. § 1 125(d)(l)(A);

J. An Order directing Defendants to use its best efforts to recall from the trade and other third parties any and all infringing pineapple-tea bearing the trademark PIÑATERAPIA and any marketing, advertising and promotional materials used in connection therewith and an order requiring Defendants and any principals, agents, servants, employees, successors and assigns of and all those in privity or concert with Defendants who receive actual notice of said order, to deliver up for destruction all infringing products and all promotional, advertising and any other printed materials and

items of any kind bearing (i) the PIÑATERAPIA mark or trade dress and/or (ii) any other mark or design that is confusingly similar to the Marks; and

K. Any such further relief that the Court deems equitable and just.

**DATED**: MARCH 16, 2016

By: /s/ Edmar M. Amaya/
Florida Bar No. 63816

**EDMAR AMAYA, ESQ., LL.M.**
**EDAM LAW PLLC.**
175 S.W. 7th Street, Suite 2410
Miami, FL 33130-2961
Phone: (305) 643-0740
Fax: (786) 219-0581
Email: edmar.amaya@edamlaw.com

**MARTIN S. SIMKOVIC, ESQ.**
**SIMKOVIC LAW FIRM, P.A.**
175 S.W. 7th Street, Suite 2410
Miami, FL 33130-2961
Phone: (305) 384-7370
Fax: (305) 384-7371
Email: martin@slfpa.com

By: /s/Martin S. Simkovic
Florida Bar No. 870625